UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION


UNITED STATES OF AMERICA,  §
      Plaintiff

         §

v.          CRIMINAL NO. H-06-237-S
         §  (Judge David Hittner)

EUGENE H. WILLIAMS, JR.,
      Defendant  §


**<u>GOVERNMENT'S PROPOSED JURY INSTRUCTIONS</u>**

   The United States of America, by and through Donald J. DeGabrielle, Jr.,

United States Attorney, and James T. Kitchen, Assistant United States Attorney

for the Southern District of Texas,  submits the following proposed jury

instructions.


        Respectfully submitted,

        DONALD J. DeGABRIELLE, JR.
        United States Attorney

        By:  /s/ James T. Kitchen
         James T. Kitchen
         Assistant United States Attorney
         910 Travis St., Ste. 1500
         Houston, Texas 77002
         (713) 567-9830
         Fax No: (713) 718-3300

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant.

While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

As I told you earlier, it is your duty to determine the facts. In doing so, you must consider only the evidence presented during the trial, including the sworn

testimony of the witnesses and the exhibits. Remember that any statements, objections, or arguments made by the lawyers are not evidence. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered stricken from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been stricken in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

While you should consider only the evidence, you are permitted to draw such

reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that the defendant is either guilty or not guilty. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses ,including the defendant, who testified in this case. You should decide whether you believe all or any part of what

each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.

In this case the government called as one of its witnesses an alleged accomplice, named as a co-defendant in the indictment. An alleged accomplice is not prohibited from testifying. On the contrary, the testimony of such a witness may

alone be of sufficient weight to sustain a verdict of guilty. You should keep in mind that such testimony is always to be received with caution and great care. You should never convict a defendant upon the unsupported testimony of an alleged accomplice unless you believe that testimony beyond a reasonable doubt. The fact that an accomplice has entered a plea of guilty to the offense charged is not evidence of the guilt of any other person.

During the trial you heard the testimony of Johnnie Green, who expressed opinions concerning the the characterization of items as destructive devices. You also heard the testimony of ATF Forensic Chemist Stephanie Ross who expressed opinions concerning the chemical makeup of evidence submitted to her in this case. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education, may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

You will note that the indictment charges that the offenses were committed on or about a specified date. The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crimes on a date reasonably near the dates stated in the indictment.

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you concerned with the guilt of any other person or persons not on trial as a defendant in this case.

You have heard evidence of acts of the defendant which may be similar to those charged in the indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding if the defendnat committed the acts charged in the indictment. However, you may consider this evidence for other, very limited, purposes.

If you find a beyond a reasonable doubt from other evidence in this case that the defendant did commit the acts charged in the indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine whether the defendant had the state of mind or intent necessary to commit the crime;

whether the defendant had a motive or the opportunity to commit the acts charged in the indictment; whether the defendant acted according to a plan or in preparation for commission of a crime; whether the defendant committed the acts for which he is on trial by accident or mistake. These are the limited purposes for which any evidence of other similar acts may be considered.

Now, during the course of the trial of this matter, you heard witnesses testify about statements made by the defendant that have been alleged by the government to be false. I am expressing no opinion now about the evidence in the case, about what the facts are, but once in awhile have to refer to some of the evidence which has been heard so that you understand the principle of law that am referring to. I charge you that the conduct of a defendant, including statements made and acts done upon being informed that a crime has been committed, or upon being confronted with a criminal charge, may be considered by the jury in the light of other evidence in the case in determining the guilt or innocence of the accused. When a defendant voluntarily offers an explanation or makes some statement tending to establish his innocence or her innocence, and such explanation or statement is later shown to be false in whole or in part, the jury may consider whether this circumstantial evidence points to a consciousness of guilt. It is reasonable to infer that an innocent person does not ordinarily find it necessary to invent or fabricate a voluntary explanation or statement

tending to establish his innocence. Whether or not evidence as to a defendant's voluntary explanation or statement points to a consciousness of guilt and the significance, if any, to be attached to any such evidence, are matters for determination by the jury. I'm not suggesting to you that the defendant made any false statements.

Certain charts and summaries have been received into evidence. Charts and summaries are valid only to the extent that they accurately reflect the underlying supporting evidence. You should give them only such weight as you think they deserve.

If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

A separate crime is charged in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The case of each defendant should be considered separately and individually. The fact that you may find the defendant guilty or not guilty as to one of the crimes charged should not control your verdict as to any other.

## **COUNTS ONE, THREE, AND FOUR**

26 U.S.C. §5861(d)

## RECEIVING OR POSSESSING FIREARMS NOT REGISTERED TO THE DEFENDANT

Title 26, United States Code, Section 5861(d), makes it a crime for anyone knowingly to possess certain kinds of unregistered firearms such as destructive devices.

For you to find the defendant guilty of this crime, you must be convinced that the government has proven each of the following beyond a reasonable doubt:

*First:*   That the defendant knowingly possessed a firearm;

*Second:*   That the firearm was a destructive device;

*Third:* That the defendant knew of the characteristics of the firearm, namely that it was a destructive device;

*Fourth:* That this firearm was or could readily have been put in operating condition;

*Fifth:*   That this firearm was not registered to the defendant in the National Firearms Registration and Transfer Record.  It does not matter whether the defendant knew that the firearm was not registered to him or that it had to be registered.

A "destructive device" is (1) any explosive, incendiary, or poison gas (A)

bomb, (B) grenade, (C) rocket having a propellant charge of more than four ounces, (D) missile having an explosive or incendiary charge of more than one-quarter ounce, (E) mine, or (F) similar device; (2) any type of weapon by whatever name known which will, or which may be readily converted to, expel a projectile by the action of an explosive or other propellant, the barrel or barrels of which have a bore of more than one-half inch in diameter, except a shotgun or shotgun shell which the Secretary finds is generally recognized as particularly suitable for sporting purposes; and (3) any combination of parts either designed or intended for use in converting any device into a destructive device as defined in subparagraphs (1) and (2) and from which a destructive device may be readily assembled. The term "destructive device" shall not include any device which is neither designed nor redesigned for use as a weapon; any device although originally designed for use as a weapon, which is redesigned for use as a signaling, pyrotechnic, line throwing, safety, or similar device; surplus ordnance sold, loaned or given by the Secretary of the Army pursuant to the provisions of section 4684(2), 4685, 4686 or title 10 of the United States Code, or any other device which the Secretary finds is not likely to be used as a weapon, or is an antique or is a rifle which the owner intends to use solely for sporting purposes.

The National Firearms Registration and Transfer Record is a national registry of firearms which includes the (1) identification, (2) date of registration, and (3)

identification and address of persons entitled to possession of each firearm. In the case of a transfer, it is the transferor who must register a firearm to the transferee prior to an actual transfer taking place. It is the duty of the transferee to ensure that a firearm is properly registered prior to taking possession of the firearm.

## COUNT TWO

## 26 U.S.C. §5861(b)

## RECEIVING OR POSSESSING AN ILLEGALLY TRANSFERRED FIREARM

Title 26, United States Code, Section 5861(b), makes it a crime for anyone knowingly to possess certain kinds of firearms, such as destructive devices, that have been transferred illegally.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* That the defendant knowingly possessed a firearm described in the indictment;

*Second:* That this firearm was a destructive device;

*Third:* That the defendant knew of the characteristics of the firearm, namely that it was a destructive device;

*Fourth:* That this firearm was in or could readily have been put in operating

condition;

*Fifth:* That the firearm was transferred unlawfully to the defendant, that is, the transfer to the defendant was in violation of the provisions of the National Firearms Act. It does not matter whether the defendant knew that the firearm was transferred unlawfully.

The term "transfer" and the various derivatives of such word, shall include selling, assigning, pledging, leasing, loaning, giving away, or otherwise disposing of.

Under the law, a firearm, namely a destructive device, shall not be transferred unless:

(1) the transferor of the firearm has filed with the Attorney General a written application, in duplicate, for the transfer and registration of the firearm to the transferee on the application form prescribed by the Secretary;

(2) any tax payable on the transfer is paid as evidenced by the proper stamp affixed to the original application form;

(3) the transferee is identified in the application form;

(4) the transferor of the firearm is identified in the application form;

(5) the firearm is identified in the application form;

(6) the application form shows that the Secretary has approved the transfer

and the registration of the firearm to the transferee.

A transferee of a firearm may not take possession of the firearm unless the Attorney General has approved the transfer and registration of the firearm to the transferee.  It is the duty of the transferee to ensure that the firearm is properly registered prior to taking possession of the firearm.

Firearms transferred to any State or official police organization of a State that is engaged in criminal investigations may be transferred without the payment of a transfer tax.  Such transfers still require the proper application, approval and registration required of all other transfers.

## COUNT FIVE

### 26 U.S.C. §5861(i)

### RECEIVING OR POSSESSING A FIREARM WHICH IS NOT IDENTIFIED BY SERIAL NUMBER

Title 26, United States Code, Section 5861(i), makes it a crime for anyone knowingly to possess certain kinds of firearms, such as destructive devices, that are not identified with a serial number.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:*   That the defendant knowingly possessed a firearm described in the indictment;

*Second:*   That this firearm was a destructive device;

*Third:*   That the defendant knew of the characteristics of the firearm, namely that it was a destructive device;

*Fourth:*   That this firearm was or could readily have been put in operating condition;

*Fifth:*   That the firearm was not identified by a serial number.

## COUNT SIX

### 18 U.S.C. §842(j)

### UNLAWFUL STORAGE OF AN EXPLOSIVE

Title 18, United States Code, Section 842(j), makes it a crime for anyone to store explosive material in a manner not in conformity with regulations.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:*  That the defendant knowingly stored material;

*Second:* That the material stored was explosive;

*Third:* That the manner in which the explosive material was stored did not comply with regulations set forth by the Attorney General.

"Explosive material" includes "high explosives" which are explosives that can be caused to detonate by means of a blasting cap when unconfined (for example, dynamite, flash powders, and bulk salutes).

High explosives must be stored in Type 1, 2, or 3 magazines.

A Type 1 magazine is a permanent structure: a building, an igloo or "Army-type structure," a tunnel, or a dugout. It is to be bullet-resistant, fire-resistant, weather resistant, theft-resistant, and ventilated. Further, Type 1 magazines must meet all construction requirements as specified in Title 27, Code of Federal Regulations, Section 55.207 (see attached).

A Type 2 magazine is a box, trailer, semitrailer or other mobile facility. Indoor Type 2 magazines must be fire-resistant and theft-resistant. Indoor Type 2 magazines need not be bullet-resistant and weather-resistant if the buildings in which they are stored provide protection from the weather and from bullet penetration. No indoor magazine is to be located in a residence or dwelling. The indoor storage of high explosives must not exceed a quantity of 50 pounds. Indoor magazines are to be constructed in accordance with Title 27, Code of Federal Regulations, Section 55.208 (see attached).

A Type 3 magazine is a "day-box" or other portable magazine for the temporary storage of high explosives while attended. It must be fire-resistant, weather-resistant, and theft-resistant. A Type 3 magazine is to be constructed in accordance with Title 27, Code of Federal Regulations, Section 55.209. (See attached).

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

Possession, as that term is used in this case, may be of two kinds: actual possession and constructive possession. A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion and control over a thing, either directly or through another person or persons, is then in constructive possession of it.

Possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.

You may find that the element of possession, as that term is used in these

instructions, is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges--judges of the facts. Your sole duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A form of verdict has been prepared for your convenience.

[Explain verdict form.]

The foreperson will write the unanimous answer of the jury in the space provided for in each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the marshal. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff | § | |
| | § | |
| v. | | CRIMINAL NO. H-06-237-S |
| | § | (Judge David Hittner) |
| EUGENE H. WILLIAMS, JR.,<br>Defendant | | |

## **VERDICT FORM**

### COUNT I

With respect to whether or not on or about August 31, 2004, the defendant Eugene H. Williams, Jr., did knowingly possess one or more firearms, namely a destructive device, that was not registered to him in the National Firearms Registration and Transfer Record,

We the jury find the defendant        Guilty        Not Guilty

### COUNT II

With respect to whether or not on or about August 31, 2004, the defendant Eugene H. Williams, Jr., did knowingly possess one or more firearms, namely a destructive device, that was transferred unlawfully to him,

We the jury find the defendant _____Guilty _____Not Guilty

## COUNT III

With respect to whether or not on or about July 18, 2004, the defendant Eugene H. Williams, Jr., did knowingly possess a firearm, namely a destructive device, that was not registered to him in the National Firearms Registration and Transfer Record,

We the jury find the defendant _____Guilty _____Not Guilty

## COUNT IV

With respect to whether or not on or about August 27, 2004, the defendant Eugene H. Williams, Jr., did knowingly possess a firearm, namely a destructive device, that was not registered to him in the National Firearms Registration and Transfer Record,

We the jury find the defendant _____Guilty _____Not Guilty

## COUNT V

With respect to whether or not on or about August 31, 2004, the defendant Eugene H. Williams, Jr., did knowingly possess one or more firearms, namely a destructive device, that was not identified by a serial number,

We the jury find the defendant _____Guilty _____Not Guilty

## COUNT VI

With respect to whether or not on or about October 5, 2002 through on or about August 31, 2004, the defendant Eugene H. Williams, Jr., did knowingly store high

explosives in a manner not in conformity with regulations,

We the jury find the defendant  _____Guilty  _____Not Guilty



Dated_____          Signed_____
                                Foreperson of the Jury

<u>CERTIFICATE OF SERVICE</u>

     I do hereby certify that a true and correct copy of the foregoing Government's requested jury instructions was delivered to the below address:

Scot Courtney
Attorney for Eugene Williams, Jr.
P.O. Box 787
San Marcos, Texas 78667-0787
Fax: (512) 532-6766

                            /s/ James T. Kitchen
                            James T. Kitchen
                            Assistant United States Attorney