UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CLERK, U. S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED
12/14/06
MICHAEL N. MILBY, CLERK
BY DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. H-06-237-S |
| | § | |
| EUGENE H. WILLIAMS, JR. | § | |

## REQUESTED JURY INSTRUCTIONS

ADDITIONAL REQUESTED INSTRUCTIONS

1.15 Accomplice – Co-Defendant - Plea Agreement
1.17 Expert Witness
1.19 Caution – Consider Only Crime Charged

PROPOSED CHANGES, ADDITIONS AND DELETIONS

DEFENDANT'S FIRST REQUESTED JURY INSTRUCTION –

FEDERAL EXEMPTION

If you find that the firearms and/or "destructive devices" listed and alleged in the indictment were possessed or transferred by or to Eugene H. Williams, Jr., but further believe that he was acting under authority of or as an agent of an agency of the United States government, then you must acquit Eugene H. Williams, Jr. and enter a verdict of Not Guilty to Counts One through Five. (*See*, 26 USC §5841)

SC                                                1

# DEFENDANT'S SECOND REQUESTED JURY INSTRUCTION – PUBLIC AUTHORITY

DEFENDANT'S PROPOSED CHARGE

The defense is available when a defendant is engaged by a government official to participate or assist in a covert activity DEFENDANT'S PROPOSED ADDITION "or when the defendant reasonably believed that a government agent authorized her to engage in illegal acts." *See* Ninth Circuit Manual of Model Criminal Jury Instructions, Instruction 6.10 (2003) & United States v. Bear, 439 F.3d 565, 567-569 (9th Cir. 2006). The Public Authority Defense is limited to those situations when a government agent in fact had the authority to empower a defendant to perform the acts in question, and the defendant's reliance on governmental authority was both reasonable and sincere, i.e. a reasonable belief [he] was acting as an authorized agent. DEFENDANT'S PROPOSED ADDITION "The public authority defense is also available when "a government official makes some statement or performs some act and the defendant relies on it, possibly mistakenly, and commits an offense" by relying on the government official." (*See, United States v. Burrows*, 36 F.3d 875, 882 (9th Cir. 1994); *see also, United States v. Burt*, 410 F.3d 1100, 1104 (9th Cir. 2005).

# SUPPORT FOR PUBLIC AUTHORITY FOR CHARGE INCLUSION

The public authority defense requires a defendant to show that he was engaged by a government official to participate in a covert activity. *United States v. Achter*, 52 F.3d 753, 755 (8th Cir. 1995). However, the defendant does not even have to testify or even offer any evidence; the basis for the defendant's theory may derive from the testimony of government witnesses on direct or cross-examination. Finally, the evidence to support a theory of defense need not be overwhelming; a defendant is entitled to an instruction on a theory of defense even though the evidentiary basis for that theory is weak, inconsistent, or even of doubtful credibility. *See, United States v. Parker*, 267 F.3d 839, 843 (8th Cir. 2001).

Another excellent resource for illustration, explanation and application of the Public Authority defense is found in *United States v. Bear*, 439 F.3d 565, 567-569 (9th Cir. 2006). Bear was a former confidential source for the DEA in an investigation of a methamphetamine manufacturer and distributor. The DEA intercepted phone calls indicating that Bear was engaging in additional, allegedly unauthorized activities, including attempting to broker a deal for the manufacture and distribution of twelve to fifteen pounds of methamphetamine. The DEA arrested Bear and she denied that any of the DEA agents had authorized these acts. Bear claimed she

believed she was acting on behalf of the government; Bear's former DEA "handler" denied such in rebuttal.

The court did not give an instruction on public authority, governmental authorization, or any other affirmative defense. Failure to do so satisfied the following four-prong test for error in doing so and stated that their was: (1) 'error,' (2) that is 'plain,' (3) that 'affect[s] substantial rights.'" Johnson v. United States, 520 U.S. 461, 466-67, 117 S. Ct. 1544, 137 L. Ed. 2d 718 (1997) (quoting United States v. Olano, 507 U.S. 725, 732, 113 S. Ct. 1770, 123 L. Ed. 2d 508 (1993)); and, (4) the error seriously affected the fairness, integrity, and/or public reputation of judicial proceedings." Id. at 467 (internal quotation marks removed).

Bear's "DEA handler" was a deputy from the Los Angeles County Sheriff's Department on loan to the DEA as a task force officer. Due to this fact alone, he had or reasonably appeared to have the power to authorize Bear's illegal acts.

As such, the district court committed plain error by failing to give the jury a sua sponte instruction on the public authority defense, and that error requires reversal of Bear's conviction. *See generally, United States v. Bear*, 439 F.3d 565, 567-569 (9th Cir. 2006).

DEFENDANT'S SECOND PROPOSED ADDITION TO PUBLIC AUTHORITY INSTRUCTION

"Therefore, if you find the defendant's criminal actions were undertaken in reasonable reliance on real government authority, then the defendant may not be convicted of violating the criminal statute because actions properly sanctioned by the government are not illegal and you must find acquit him and enter a verdict of Not Guilty in Counts One through Six of the indictment."

*See, United States v. Garcia*, 2006 U.S. App. LEXIS 21207, 22-23 (11th Cir. 2006) NOT FOR PUBLICATION.

DEFENDANT'S THIRD REQUESTED JURY INSTRUCTION

The following is proposed as an insertion:

"If you so find any of the above elements not proven beyond a reasonable doubt, then you will find the Defendant Not Guilty of Counts 1 through 6 of the indictment."

Respectfully submitted,

_____
Scot Courtney
P.O. Box 787
San Marcos, Texas 78667-0787
512-392-9292
512-532-6766 FAX
Texas Bar No. 00790515
Federal Admissions No. 18347

Greg Cagle
215 E. Galveston Rd.
League City, Texas 77573-3706
281-332-7630
281-332-7877 FAX
Texas Bar No. 00790414
Federal Admissions No. 19460

## CERTIFICATE OF SERVICE

      I, Scot Courtney, Attorney at Law, do hereby certify that a true copy of the foregoing has been forwarded Mr. Jimmy Kitchen, AUSA, 910 Travis, Suite 1500, Houston, Texas 77002 on this ___ day of November, 2006.

_____
Scot Courtney