# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 18, 2008

Charles R. Fulbruge III
Clerk

No. 07-20326
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

United States District Court
Southern District of ....
RECEIVED

JAN 13 20..

Michael N. Milby, Clerk

v.

EUGENE H WILLIAMS, JR

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CR-237-2

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Eugene H. Williams, Jr., appeals his conviction and sentence for possession of unregistered destructive devices, possession of unlawfully transferred destructive devices, possession of a firearm not identified by a serial number, and unlawful storage of explosive materials. Williams argues that 26 U.S.C. § 5841, et seq., the National Firearms Act, and 18 U.S.C. § 842(j) are unconstitutionally void for vagueness. He contends that the aforementioned statutes fail to place him on notice of criminal conduct because law enforcement

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

officers are generally unaware of the federal regulations on possession, storage, and transfer of destructive devices.

We review de novo whether a statute is void for vagueness. *United States v. Monroe*, 178 F.3d 304, 308 (5th Cir. 1999). The language of the statutes of which Williams complains is not confusing. The statutes proscribe specific conduct and do not contain exceptions for law enforcement officers. The statutes do not encourage arbitrary and discriminatory enforcement. *See Kolender v. Lawson*, 461 U.S. 352, 357 (1983). Williams's argument is without merit.

Williams also challenges the district court's application of U.S.S.G. § 3C1.1 based on a finding that Williams obstructed justice. He argues that the statements and conduct upon which the § 3C1.1 enhancement was based were not related to the "instant" offense of conviction but rather to an investigation of aggravated assault. Although Williams correctly asserts that § 3C1.1 requires that a defendant obstruct the offense of conviction, "[t]he offense of conviction may or may not be the offense which initially attracted the attention of the police." *United States v. Dortch*, 923 F.2d 629, 632 (5th Cir. 1999). In our view, the statements and conduct upon which the enhancement was based were intended to obstruct investigation of all of his unlawful conduct. *See United States v. Roberson*, 872 F.2d 597, 609-10 (5th Cir. 1989). Accordingly, the district court did not err in applying the § 3C1.1 enhancement. The judgment of the district court is AFFIRMED.