**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

United States Courts
Southern District of Texas
FILED

FEB 2 6 2010

Clerk of Court

| United States District Court | District  Southern District of Texas |
|---|---|

| Name (under which you were convicted): Eugene H. Williams, Jr. | Docket or Case No.: CR 06-237-DH |
|---|---|

| Place of Confinement: FCI Safford, P.O. Box 9000, Safford, AZ 85548 | Prisoner No.: 66170-179 |
|---|---|

| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) |
|---|---|
| v. | Eugene H. Williams, Jr. |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

    United States District Court for the Southern District of Texas, United States Courthouse, 515 Rusk Ave., Houston, TX 77002

    (b) Criminal docket or case number (if you know):  CR 06-237-DH

2. (a) Date of the judgment of conviction (if you know):  4/30/2007

    (b) Date of sentencing:  4/20/2007

3. Length of sentence:  10 years

4. Nature of crime (all counts):

    Four counts of receipt or possession of unregistered destructive devices, in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871; one count of knowing or intentional possession of one or more firearms which were not identified by a serial number, in violation of 26 U.S.C. § 5642(c), 5861(i) and 5871; 1 count of knowingly storing high explosives (78 devices) in a manner not in conformity with regulations promulgated by the Attorney General.

5. (a) What was your plea? (Check one)

    (1)  Not guilty ☑        (2)  Guilty ☐        (3)  Nolo contendere (no contest) ☐

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)        Jury ☑        Judge only ☐

Page 3

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☑    No ☐

8.  Did you appeal from the judgment of conviction?    Yes ☑    No ☐

9.  If you did appeal, answer the following:

(a) Name of court:   United States Court of Appeals for the Fifth Circuit

(b) Docket or case number (if you know):  07-20326

(c) Result:  Affirmed

(d) Date of result (if you know):  12/8/2008

(e) Citation to the case (if you know):  303 Fed. Appx. 231 (5th Cir. 2008)

(f) Grounds raised:

1. The statutes of conviction were void for vagueness;
2. The district court clearly erred in concluding that the defendant attempted to obstruct justice.

(g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐    No ☑

If "Yes," answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

(5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ☐    No ☑

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❑   No ❑

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❑   No ❑

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:        Yes ❑   No ❑

(2) Second petition:     Yes ❑   No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

**GROUND ONE:**

Ineffective assistance of appellate counsel

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

My appellate attorney provided constitutionally ineffective assistance, because he failed to raise the best issue on appeal: that the district court erred by refusing to instruct the jury on the defense of public authority, that I reasonably believed I had the authority to possess the devices at issue.  This argument was better than the argument actually presented, that the statute was unconstitutionally vague.

There was evidence supporting this instruction, including that FBI agents and others observed me handle destructive devices, and that I did so in the course of providing training to other law enforcement officers.

The trial court's ruling eviscerated the defense and left movant with no defense.  Indeed, in closing argument, the government argued to the jury that it could not consider the question whether movant had acted in reasonable reliance that he had the authority to engage in the possession & storage of the destructive devices in question (noise flash diversionary devices). Essentially, the instructions given required conviction if the jury found that Williams knew the character of the NFDDS and if the jury concluded that they were in his possession.  Those facts were undisputed.

( SEE ATTACHMENT A )

(b) **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ☑

    (2) If you did not raise this issue in your direct appeal, explain why:

    Ineffective assistance of counsel need not be raised on direct appeal.

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑  No ☑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑    No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:


(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑    No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑    No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑    No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑    No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

    Yes ❑    No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

    Yes ❑    No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Page 9

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑    No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑    No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑    No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❏   No ❏

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❏   No ❏

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❏   No ❏

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❏   No ❏

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❏   No ❏

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Yes, ineffective assistance of appellate counsel.  Ineffective assistance need not, and in fact, could not have been raised previously.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?        Yes ☐   No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:

Scot Courtney, P O BOX 787, San Marcus , TX 778667 512-392-9292;

(c) At trial:

Courtney & Gregory Cagle, 215 E. Galveston St., League City, TX 77573, (281) 332-7630

(d) At sentencing:

same

Page 12

(e) On appeal:

 David Adler, 6750 W. Loop St., Suite 120, Bellaire, TX 77401 (713) 666-7576

(f) In any post-conviction proceeding:

 n/a

(g) On appeal from any ruling against you in a post-conviction proceeding:


16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?      Yes ☑ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      Yes ☐ No ☑

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:


(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?      Yes ☐   No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

The judgment of conviction became final on March 18, 2009, 90 days from the time in which the time to file a petition for writ of certiorari expired.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

vacatur of the judgment of conviction

or any other relief to which movant may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on

(month, date, year).

02  23  2010

Executed (signed) on FEBRUARY 23, 2010 (date).

_____

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

Attachment A

The following facts were not included in the trial or in the appeal and show that defendant had ineffective assistance of trial and appellate counsel.

1. Congressional intent of the statute is to address the criminal possession of the IED's (Improvised Explosive Devices), not the lawful possession of NFDD's (Noise Flash Diversionary Devices) legally manufactured for law enforcement and military use. Additionally, the law specifically exempts said entities from registration and transfer fees.
2. NFDD's cannot be registered nor transferred to an individual. Therefore, the devices could not have been registered to the defendant. In addition, registration records of NFDD's are privileged information under Title 26 USC and cannot be queried by an individual.
3. According to the government, the NFDD's in question were transferred and registered to the respective law enforcement agencies where Malouff, the Precision Ordinance representative, worked.
    a. These devices were registered with an accredited law enforcement agency or with the manufacturer, Precision Ordnance.
    b. During state and nationally accredited Tactical Operational Medical Support Training (TOMS) conducted by the defendant in the course of his employment, defendant has the full support and approval of defendant's police agency. During said courses, Malouff was present as a representative of Precision Ordinance who provided NFDD's for such training in the normal course of his business.
    c. Defendant kept up to date records in regards to device type, serial number, and Malouff's inventory records. A subpoena was twice served on Cypress Creek EMS in an attempt to secure all records defendant kept in regards to said devices. They never produced those records.
    d. Students, law enforcement instructors, and military personnel, including members of defendant's police department all possessed NFDD's provided by Precision Ordinance and deployed same in state and nationally accredited TOMS training programs over a two year period. According to the government's view, each student and instructor should be held criminally liable for possessing these devices and the instructors additionally for transferring them to the student. This, of course, is absolutely ludicrous and in direct conflict to the intent of the statute.
4. All devices were registered, which is how the government was able to determine who and where the devices were. Defendant cannot speak on behalf of Malouff, but defendant did maintain a complete log of devices Malouff provided for training purposes in compliance with defendant's departmental standard operating procedures.
5. Defendant's immediate supervisor, Chief of Police, Glenn Smith of the Hempstead Police Department was fully aware, participated in, and approved the use of NFDD's supplied by Precision Ordinance for state and nationally accredited programs supervised by defendant in the course of his employment. At no time did the Chief of Police or defendant ever think that they were acting in any other way than in full compliance with the law.

6. Defendant never concealed the fact that Precision Ordinance provided NFDD's for use during accredited TOMS courses. In fact, Malouff specifically addressed each respective class that the ballistic shields and NFDD's used during the course were provided at no cost for use during training evolutions. Flyers and other sales material were distributed by Malouff to students.

7. The government alleged that Cypress Creek EMS paid Malouff for some of these devices, $310.00 specifically. The government produced an unknown type of purchase order, computer generated, in the amount of $310.00. This document was not authenticated nor its origin revealed.

   The Executive Director of Cypress Creek EMS, Bradley England, indicated his records reflected no such payment to Malouff. The government then claimed defendant paid Malouff in conflict to the alleged evidence they produced to the contrary. Bradley England and reserve police officers with the Hempstead Police Department fully supported Precision Ordinance providing NFDD's to these TOMS courses, that his (Bradley England's) agency conducted. Accordingly, Precision Ordinance was considered a corporate sponsor of the TOMS training program.

8. During field training exercises when NFDD's were to be deployed, defendant provided verbal and/or written notice of such use to the Harris County Sheriff's Department, Harris County Precinct 4 Constable Office and the Federal Bureau of Investigation over a two year period. At no time was the issue of registration ever brought to the attention of the defendant or his department.

9. A specific number of NFDD's provided for training by Precision Ordinance were found stored in approved metal shipping containers clearly marked "For Training Use Only". Additional devices being stored as a courtesy to Malouff were sealed in original cardboard shipping containers in defendant's office. According to the government's own witness, NFDD's may be stored in the original containers they were shipped in. The government even noted that the two boxes mentioned above had Malouff's name and police department on the recipient's section of the label. Precision Ordinance was also listed as the shipper on the box.

10. It was shown that in the two aforementioned sealed boxes, a number of devices were found without serial numbers. Defendant did not access these sealed boxes and was storing them as a courtesy to Malouff in lieu of securing them in his vehicle. All the devices provided for the use in the TOMS courses were clearly marked, documented, and deployed per department policy.

11. The government focused most of their biased argument on defendant's misuse of a NFDD that injured his friend and co-worker. They also focused on obstruction of justice.

    a. Defendant openly admitted and took full responsibility for his serious lack in judgment resulting in the misuse and injury of defendant's friend. The misuse of the device was in violation of police department policy and the defendant promptly resigned from the police department and ended his 20 year career in law enforcement. The misuse of the device had no bearing on the registration status of the device. No legal grounds are present that allow ATF to interfere in the operations of local law enforcement agencies in regards to policy and disciplinary matters.

    b. On the same night as the accident, after the patient was transported to a trauma center, defendant contacted his immediate supervisor, Chief Glenn Smith and

provided him with all the details of the accident.  Furthermore, on the same night, defendant personally met with Chief Smith at the Hempstead Police Department. How can justice be obstructed when the defendant followed departmental policy and reported the accident to his immediate supervisor?  Chief Smith evidently believed that no crime had occurred either.  No doubt ever existed during the trial that the injury resulting was nothing more than a tragic accident.

In closing, it is abundantly clear based upon all facts mentioned herein and during the trial that defendant had ineffective assistance of appellate counsel as well as ineffective counsel during the trial.  Counsel for the defendant failed to address, expound, mention, question, verify, explain, object, or substantiate facts presented into evidence and clearly exhibited no basic knowledge of the issues of fact as the pertained to this case. — $Gw$ —

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | **No. CR 06-237-DH** |
| v. | : | |
| **EUGENE WILLIAMS,** | : | |
| Defendant-Movant. | : | |

United States Courts
Southern District of Texas
FILED

FEB 2 6 2010

Clerk of Court

<u>DECLARATION OF MAILING</u>

Pursuant to 28 U.S.C. § 1746, Eugene Williams declares, under penalty of perjury, that:

1. I am the defendant in the above-captioned case.

2. I am currently incarcerated at FCI Safford, Safford, Arizona.

3. On FEB 23 , 2010, I deposited within the institution's legal mail system, first-class postage pre-paid, my motion to vacate sentence.  The motion to vacate sentence was addressed to the Clerk of this Court.

4. I declare under penalty of perjury that the foregoing is true and correct.

<u>Eugene Williams</u>

Dated: FEB 23 , 2010
At: Safford, Arizona